SARAH E. KANE, Plaintiff, *v.* LURA E. ALDRIDGE, Defendant.

*Action to recover money alleged to be held for plaintiff's use — when a judgment of nonsuit is properly granted.*

If the plaintiff, upon the trial of an action brought to recover a sum of money which the complaint alleged was held and received by the defendant for the plaintiff's use, fails to prove what amount of money had been received by the defendant, or, if the defendant received any money, fails to prove that it was received with an express or implied agreement to pay the same to the plaintiff, a cause of action is not established and a judgment of nonsuit is properly granted.

MOTION by the plaintiff, Sarah E. Kane, for a new trial on a case containing exceptions ordered to be heard at the General Term in the first instance, upon a judgment of nonsuit granted by the court after a trial before the court and a jury at the Monroe Circuit.

*Eugene Van Voorhis*, for the plaintiff.

*P. Chamberlain, Jr.*, for the defendant.

LEWIS, J.:

This action was brought to recover $1,380, which the plaintiff alleged was had and received by the defendant to the use of the plaintiff. It appeared from the pleadings and proof that the plaintiff was one of the heirs at law, and a legatee named in the will of Sarah A. Aldridge, deceased, which will had been duly admitted to probate; that Walter S. Aldridge was the executor named in the will, and that letters testamentary were duly issued to him; by the

terms of said will the testatrix gave and bequeathed to each of her heirs, five in number, the plaintiff being one of the five, the proceeds arising from a sale of the land and premises known as her homestead, in the city of Rochester, the proceeds to be divided equally, share and share alike, after the sale; the executor was, by the will, authorized to sell and convey the real estate for the best price he could obtain therefor; that the plaintiff thereafter conveyed her interest in the property to the defendant in order to facilitate the sale thereof. The conveyance was without consideration; the property was thereafter conveyed by the defendant and the other heirs to one Ashton; Aldridge, as executor, executed and delivered to the purchaser, Ashton, a deed of said premises; the proceeds of the sale were paid to the defendant; the plaintiff duly demanded of the defendant her portion of the proceeds before the commencement of the action.

After proving the foregoing facts the plaintiff rested her case. Upon a suggestion from the court that he was about to nonsuit the plaintiff, her counsel offered to show " that, prior to the executor's deed of the property in question, Walter Aldridge applied to the plaintiff and asked her to give a quit-claim deed of these premises to the defendant Lura, and told her it was to enable him to facilitate the sale of the property and that when the property was sold she should be paid her share of the money, and that in pursuance of that arrangement she did execute such a deed to Lura, receiving nothing therefor; that Walter Aldridge conveyed the property as executor and permitted Lura to take the money, and she has never turned over any share to the plaintiff.

" The business was done by Philetus Chamberlain, who was the attorney for Walter Aldridge, as executor, and also Lura. He sent the deed to Walter Aldridge to California to be executed, delivered the deed on its receipt by him, received the money and paid it over to Lura."

The court excluded the offer and the plaintiff excepted.

There was no proof that the defendant received the proceeds of the sale of the plaintiff's interest with any understanding or agreement with any one that she would hold them for or would pay them, or any part of them, to the plaintiff. The case is barren of any evidence showing what amount was received from the sale of

the property, or what sum, if any, was paid to the defendant by the executor.   The executor was called as a witness and denied that he had paid anything to the defendant.

The plaintiff produced upon the trial and had marked for identification an account of the executor filed in the surrogate's office, which contained a statement of the amount received for the sale of the property, but the account was not offered nor received in evidence.

The plaintiff having failed to prove what amount of money had been received by the defendant, or, if she received any money from the sale of plaintiff's share, that it was received with an express or implied agreement to pay the amount to the plaintiff, failed to establish a cause of action, and was, therefore, properly nonsuited.

It is consequently not necessary to examine the question whether, if the amount paid to the defendant had been shown, the facts would have justified a verdict for the plaintiff.

The motion for a new trial should be denied and judgment directed for the defendant on the nonsuit.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Plaintiff's motion for a new trial denied, with costs, and judgment ordered for the defendant on the nonsuit.

---

NOTE.— The rest of the cases of this term will be found in the next volume (79) Hun.— [REP.